SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE P. VILCHEZ (SBN: 212179)
kvilchez@grsm.com
TRINA M. CLAYTON (SBN: 204215)
tclayton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN LIFE CENTER, INC., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; KOVINGTON PERFORMANCE HOLDINGS, INC. DBA ROUSH PERFORMANCE; A CORPORATION; and DOES 3 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446**<br><br>Comp. Filed: December 10, 2020<br>Removed: March 26, 2024 |

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1331, 1441, and 1446, the claims pending as Case No. STK-CV-UBC-2020-0004861 of the Superior Court of California, County of San Joaquin. Removal is warranted under 28 U.S.C. §1441(a), as Plaintiff CHRISTIAN LIFE CENTER, INC.'s ("Plaintiff") Second Amended Complaint asserts a claim arising under federal law over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1. This removed case is a civil action commenced in the Superior Court of California, County of San Joaquin, against Ford and KOVINGTON PERFORMANCE HOLDINGS, INC. dba ROUSH PERFORMANCE, INC. ("Roush Performance") entitled *Christian Life Center, Inc. v. Ford Motor Company, et al.*, San Joaquin County Superior Court Case No. STK-CV-UBC-2020-0004861. (*See* **Exh. C** to the Declaration of Trina M. Clayton ("Clayton Decl."), filed concurrently herewith.)

2. On June 15, 2020, Plaintiff filed a State Action ("Complaint") asserting against Ford, three causes of action for violation of the Song Beverly Act, based on his purchase of a 2019 Ford F-150, VIN: 1FTEW1E56KFA22874 ("Subject Vehicle"). The two named defendants were Ford and Big Valley Ford Lincoln, a California entity. (*See* **Exh. A** to the Clayton Decl. *generally*, Clayton Decl., ¶ 4).

3. On February 10, 2022, Plaintiff filed a First Amended Complaint to add Roush Industries, Inc. and Roush Performance, Inc. as Doe Defendant 1 and Doe Defendant 2, respectfully. The only three causes of action in the First Amended

//

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Complaint were for violations of the Song Beverly Act. (*See* **Exh. B** to the Clayton Decl. *generally*, Clayton Decl., ¶ 5).

4. On March 1, 2024, Plaintiff served Ford with a Second Amended Complaint ("SAC"), for the ***first time*** asserting against Ford causes of action for violation of the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. ("Magnuson-Moss"). The SAC additionally alleged against Ford three causes of action for violation of the Song Beverly Act. All claims are based on Plaintiff's purchase of the 2019 Ford F-150 Subject Vehicle. The two named defendants in the SAC are Ford and KOVINGTON PERFORMANCE HOLDINGS, INC. dba ROUSH PERFORMANCE, INC. ("Roush Performance"). (*See* **Exh. C** *generally*, and Clayton Decl., ¶ 6).

5. The SAC is the operative pleading in this case.

## II. PROCEDURAL REQUIREMENTS

6. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case. 28 U.S.C. § 1446(3).

7. Ford was served with a copy of the Complaint on June 19, 2020. (Clayton Decl., ¶ 4).

8. As of the date of service on Ford, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Defendant Big Valley Ford Lincoln, a California entity, complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

9. Ford was served with a copy of the First Amended Complaint ("FAC") on February 10, 2022. (Clayton Decl., ¶ 5).

//

11. As of the date of service of the FAC, this matter was not removable by Ford as the FAC did not contain facts that gave rise to a "federal question" and, even though there was complete diversity between the Parties, it had been over one year since the commencement of this action. 28 U.S.C. § 1446(c)(1).

12. Ford was served with a copy of the SAC on March 1, 2024. (Clayton Decl., ¶ 6.)

13. The SAC is the first pleading in this case to allege federal causes of action against Ford (*i.e.*, the Federal Magnuson Moss claims) and the first amended pleading from which it may be ascertained that the case is one which has become removable, based on federal question. 28 U.S.C. § 1446(3).

14. The SAC does not contain any means of ascertaining the amount in controversy. (Clayton Decl., ¶ 8.)

15. Ford received a copy of the Retail Installment Sales Contract ("RISC") for the Subject Vehicle from counsel for Plaintiff. (Clayton Decl., ¶ 9, **Exh. D** to the Clayton Decl.**)**

16. After obtaining the sales contract, counsel for Ford was able to determine the purchase price of the Subject Vehicle and, accordingly, the amount in controversy. (*See* Clayton Decl., ¶ 10, **Exh D**.)

17. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days from service of the SAC on March 1, 2024 has not elapsed. This Notice of Removal is therefore timely filed.

18. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders for the State Action in Ford's possession are contained in **Exhs. A-C** and **G-AAAAA,** to the Clayton Declaration, filed herewith.

19. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place where the State Action has been pending.

//

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Joaquin, promptly after filing of same in this Court.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing the same in this Court.

22. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately removable.

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## III. FEDERAL QUESTION JURISDICTION IS MET

24. This Court has original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). An action "arises under" federal law within the meaning of 28 U.S.C. § 1331 if federal law either creates the cause of action or the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust* 463 U.S. 1, 27-28 (1983).

25. Here, Plaintiff asserts two claims for Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq*.) and seeks relief pursuant to 15 U.S.C. §§

2304(d) and 2310(d)(2). (**Exh. C,** ⁋⁋ 65-66, 81-82.) This claim undoubtedly "arises under" a federal statute, the Magnuson-Moss Warranty Act, and, as such, this Court has original jurisdiction. 15 U.S.C. § 2310(d)(1)(B).

## IV. STATEMENT OF CONSENT

26. Roush Performance, the only other named defendant in the SAC, consents to the removal. This is confirmed by the communication from its counsel. (**Exh. F** to the Clayton Decl.) However, this statement in the petition, regarding Roush Performance's consent, is independently sufficient to establish consent for purposes of a removal petition. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004)

27. Defendant is not required to investigate the identity of the remaining unnamed Doe defendants or obtain their consent for removal. *See Necombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d 686, 690-91; 28 U.S.C. § 1441(a).

## V. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

28. For jurisdiction over a claim under Magnuson-Moss, the amount in controversy must exceed $50,000 (exclusive of interest and costs) "computed on the basis of all claims to be determined" in the suit. *See* 15 U.S.C. § 2310(d)(3)(B). The amount in controversy in this action exceeds $50,000, exclusive of interest and costs.

29. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

30. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in





Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

31. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $50,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

32. In this products liability case, Plaintiff seeks monetary relief under both the Song-Beverly Act and Magnuson Moss, including but not limited to, actual damages, replacement or reimbursement of the vehicle, amount paid under the purchase agreement, all incidental and consequential damages, ***attorneys' fees, costs and expenses, reasonably incurred,*** and a ***civil penalty of up to two times the amount of Plaintiff's actual damages***. (*See* **Exh. C**, ¶¶ 25-27, 35, 38-39, 47-52, 63-66, 79-82, and Prayer at pp. 10:21-11:2.)

33. The amount in controversy calculation includes civil penalties under Song-Beverly. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

34. The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

(9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). (Emphasis added.)

35. Pursuant to the sales contract, the total amount paid (purchase price) for the Subject Vehicle was $90,422.95. (*See* **Exh. D**.)

36. Thus, the purchase price of the Subject Vehicle, in and of itself, is enough to meet the amount in controversy requirement.

37. Moreover, if Plaintiff were to prevail on its Song-Beverly Act claims, it could be awarded damages well in excess of $50,000.00, as Plaintiff contends it is entitled to double civil penalties, incidental and consequential damages, and attorney fees, costs, and expenses.

38. Plaintiff's actual damages of $90,422.95 (*i.e.*, the purchase price of the Subject Vehicle as outlined in the sales contract) plus $180,845.90 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to <u>$271,268.85</u>. (*See* Clayton Decl., ¶¶ 17-20 and **Exh. D**.)

**A. Mileage Offset**

39. Pursuant to the Song-Beverly Act, the manufacturer is entitled to deduct an offset for the time a plaintiff drove the vehicle trouble-free. Cal. Civ. Code § 1793.2(d)(2)(C). The mileage offset is calculated pursuant to a statutory formula, whereby the purchase price is multiplied by the mileage the vehicle was driven "prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity," and dividing this amount by 120,000. Cal. Civ. Code § 1793.2. (*Id.*)

40. Ford disputes that a "mileage offset" must be factored into the amount in controversy calculation. The amount in controversy is established by what a plaintiff

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

demands by way of his or her Complaint, not by any reductions that a defendant might achieve through its defenses. *See Geographic Expeditions, Inc. v. Estate of Lhota ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction"); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3 (C.D. Cal. May 30, 2014) (relying on *Geographic Expeditions* to hold that "potential offsets are inapplicable to the amount-in-controversy exception").

41. Assuming, arguendo, that the mileage offset should be considered, which Ford disputes, the offset for Plaintiff's Vehicle would still not cause the amount in controversy to be reduced to an amount less than $50,000.

42. Repair Orders provided by Ford's affiliated dealership, Big Valley Ford, indicate the first presentation Plaintiff made for any alleged vehicle "nonconformity" was on was on August 23, 2019. The vehicle mileage at the time of this presentation was 6,732. (*See* Clayton Decl., ¶ 22, **Exh. E** to the Clayton Decl.)

43. Pursuant to the Sales Contract, the mileage of the Subject Vehicle at the time of Plaintiff's purchase was 21. (*See* **Exh. D**.) Thus, Plaintiff drove the Subject Vehicle 6,711 miles before the first presentation for a vehicle nonconformity (6,732 – 21 = 6,711).

44. Using the Song Beverly offset calculation, 6,711 miles, divided by 120,000 miles, and then multiplied by the purchase price of the Subject Vehicle ($90,422.95), obtains the offset figure of $5,056.90. Subtracting the offset amount from the total cost of the Subject Vehicle brings the amount of "actual" damages to $85,366.05 ($90,422.95 -$5,056.90 = $85,366.05).

45. Again, even with the mileage offset, the purchase price of the Subject Vehicle, in and of itself, is enough to meet the amount in controversy requirement.

//

46. Moreover, with Plaintiff's request for a two-time civil penalty ($170,732.10), the total amount of damages is **$256,098.15**.

47. Ford notes that this amount is conservative, as it does not take into account Plaintiff's claim for attorney's fees/costs or incidental and consequential damages.

48. Thus, the total amount in controversy exceeds $50,000, and the amount in controversy requirement is satisfied.

## VI. CONCLUSION

49. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1331, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action arises under federal law, (iii) all Parties have joined in the Notice of Removal, and (iv) the amount in controversy exceeds $50,000, exclusive of interest and costs.

Dated: March 26, 2024

Respectfully submitted,

By: */s/ Trina M. Clayton*
Spencer P. Hugret
Katherine P. Vilchez
Trina M. Clayton
Attorneys for Defendant
FORD MOTOR COMPANY

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111